FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

02 NOV 26  AM 8: 20

U.S. DISTRICT COURT
N.D. OF ALABAMA

ROBERT L. WILSON and
ELISABETH S. WILSON,

> Plaintiffs,

v.                                   CIVIL ACTION NO.: CV-01-J-3231-NE

MARK KING,

> Defendant.

**ENTERED**

**NOV 2 6 2002**

## <u>MEMORANDUM  OPINION</u>

Currently pending before the court is the defendant's motion to dismiss first amended complaint or alternatively for summary judgment (doc. 20) and memorandum in support of said motion, the plaintiff's response and evidentiary submissions (doc. 29) and defendant's reply.

The court has reviewed the pleadings, motion, evidentiary submissions and briefs and based upon a consideration of all of the foregoing, the court finds evidence outside the pleadings has been submitted.  Thus, the court considers this motion under Rule 56, Federal Rules of Civil Procedure.  Based on a review of the foregoing documents, the court is of the opinion that the defendant's motion is due to be **GRANTED.**

30

## I. Factual Background

Plaintiffs commenced this action by filing a complaint, as amended (docs.1 and 14) alleging that defendant, a special agent for the Internal Revenue Service, conducted a criminal investigation of the plaintiffs for overstating expenses and understating income on their 1992 tax return.[1] Amended complaint, ¶¶ 1-2. Plaintiffs own a private investigation business.  The defendant was investigating whether they overstated the amount of money paid to confidential informants and hence reduced the income they reported for the 1992 tax year. Amended complaint, ¶2. Plaintiffs allege that, as part of this investigation, defendant subpoenaed John Kennedy to appear before the grand jury as a pretext to continue the investigation and further, that defendant lied to the grand jury in January, 1999 by stating the plaintiffs never paid any money to confidential informants.  Amended complaint, ¶¶ 6- 8.  Plaintiffs also allege that the defendant concealed the statements made by former and current employees of plaintiffs that, on occasion, the plaintiffs did pay money to confidential informants.

---

[1]Although this action was brought by both Robert and Elisabeth Wilson, plaintiffs' memorandum refers to the "plaintiff" and "Wilson" in the singular only.  As both were defendants in the underlying criminal action, *U.S. v. Wilson*, CR 99-C-292-NW, and both are plaintiffs here, the court assumes the plaintiffs do submit the opposition to summary judgment on behalf of both of them.

Based on defendant's allegedly wrongful acts, the plaintiffs were indicted in August, 1999.  Amended complaint, ¶ 10.  Plaintiffs learned of defendant's perjury on December 16, 1999, when the Assistant U.S. Attorney in charge of their prosecution produced a memorandum defendant had made of the employees' statements.  Amended complaint, ¶ 11.  After obtaining the indictment, plaintiffs assert defendant failed to provide plaintiffs' counsel with exculpatory evidence.  Amended complaint, ¶ 12.  On January 6, 2000, the indictment against the plaintiffs was dismissed upon motion of the United States.  Amended complaint, ¶ 14.

Plaintiffs state causes of action for violations of their Fifth Amendment rights under *Bivens* (Claim I & II); and violations of their Fourth Amendment right to be free from unreasonable seizure (Claim III).

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a

3

party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23.  The non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.Pro. 56(c); *Id.* at 587, *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case .... A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir.2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir.1995).  A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

4

### III. Discussion

The court notes that the parties do not have any genuine dispute as to the material facts of this case.[2] Rather, the dispute centers on whether these facts assert any claim upon which relief may be granted.  The court finds this question must be answered in the negative.

Plaintiffs make three separate claims:

1) The defendant distorted the truthfinding process in a criminal matter with the intent of denying the plaintiffs a fair trial.  Plaintiffs allege defendant did this by concealing exculpatory evidence from the grand jury and then lying to the grand jury.

2) The defendant interfered with witnesses who could provide plaintiffs with favorable testimony, impacting the outcome of an eventual criminal trial.

3) The defendant lied to a grand jury and concealed exculpatory and impeachment evidence to get an indictment.

Plaintiffs' memo. at 1-2.

The court notes that assertions one and three are based on the same set of facts, namely that the defendant told the grand jury the plaintiffs had not made payments to confidential informants when he knew this to be untrue, and that the defendant did not

---

[2]For example, although the parties dispute what defendant actually said to David Worley, a witness, and whether defendant threatened Worley, the court finds this dispute to not be material under the facts of this case.  Even if defendant threatened Worley, this does not create a genuine issue of material fact given the nature of the claims in this case.

produce statements he took of current and former employees of the plaintiffs who said payments were made to confidential informants.

In this Circuit, a person has absolute immunity for his testimony to a grand jury, even if that testimony is false. *Jones v. Cannon*, 174 F.3d 1271, 1286-87 (11th Cir. 1999); *Mastroianni v. Bowers*, 173 F.3d 1363, 1367 (11th Cir.1999). The plaintiffs agree that the Eleventh Circuit Court of Appeals has extended absolute immunity to witnesses before a grand jury, but argue that since the Supreme Court has not decided this, this court should not follow Eleventh Circuit law. Plaintiffs' memo. at 10-11. This court is not at liberty to follow such suggestions.

The plaintiffs base this argument, in part, on the first grand jury to consider the plaintiffs' case being an investigative grand jury, which did not indict the plaintiffs.[3]

_____

[3] The court finds the plaintiff's argument distinguishing the first grand jury as an "investigative" one to be meaningless. The Supreme Court has stated:

Unlike [a] [c]ourt, whose jurisdiction is predicated upon a specific case or controversy, the grand jury "can investigate merely on suspicion that the law is being violated, or even because it wants assurance that it is not." *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 297, 111 S.Ct. 722, 726, 112 L.Ed.2d 795 (1991) (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 642-643, 70 S.Ct. 357, 364, 94 L.Ed. 401 (1950)) ....
No doubt in view of the grand jury proceeding's status as other than a constituent element of a "criminal prosecutio[n]," U.S. Const., Amdt. 6, we have said that certain constitutional protections afforded defendants in criminal proceedings have no application before that body ...." *Calandra, supra*, 414 U.S., at 346, 94 S.Ct., at 619; *see Lawn v. United States*, 355 U.S. 339, 348-350, 78 S.Ct. 311, 317-318, 2 L.Ed.2d 321 (1958); *United States v. Blue*, 384 U.S. 251, 255, n. 3, 86 S.Ct. 1416, 1419, n. 3, 16 L.Ed.2d 510 (1966).

*U.S. v. Williams*, 504 U.S. 36, 48-49, 112 S.Ct. 1735, 1742-1744, 118 L.Ed.2d 352 (1992).

The case was re-presented to a second grand jury, which was not given the exculpatory statements and did indict.  Plaintiffs' memo. at 7.  However, the exculpatory statements were produced before trial and the charges against the plaintiffs dismissed before trial.

The plaintiffs argue that because an IRS agent is not a prosecutor, the defendant cannot have absolute immunity.[4]  The court can find no case which supports this distinction.  Rather, "[t]he penalty for false testimony is the same for any witness, that is, a potential prosecution for perjury."  *Jones,* 174 F.3d at 1281; citing *Briscoe v. LaHue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).  The Eleventh Circuit has stated that "[a]llowing [defendant's] grand jury testimony to subject [defendant] to additional civil damages ... would significantly erode [defendant's] absolute immunity from civil liability for false grand jury testimony.  False grand jury testimony cannot directly impose civil liability on [defendant], and it likewise cannot be used indirectly to impose civil liability for expanded damages of the false arrest claim."  *Jones,* 174 F.3d at 1287.  Further, the Court stated "we expressly reject

---

[4]This argument is apparently based on *Imbler v. Pachtam,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).  The court finds that case dealt with a prosecutor's immunity for actions at trial.  Similarly, *Briscoe v. LaHue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), on which plaintiffs rely, concerned liability for police officers accused of giving perjured testimony at trial.  Additionally, *Briscoe* held that witnesses are absolutely immune from damages liability based on their testimony.  *Id.,* 460 U.S. at 326, 103 S.Ct. at 1111.

carving out an exception to absolute immunity for grand jury testimony, even if false."
*Id.*, at n. 10.  The court having considered the foregoing, the court finds the defendant
is entitled to judgment as a matter of law on the plaintiffs' claims that the defendant
presented false testimony to a grand jury.

The plaintiffs also assert that the defendant interfered with witnesses who could
provide exculpatory evidence in order to obtain an indictment against the plaintiffs.
However, this case never went to trial.  Plaintiff alleges Kennedy was subpoenaed to
appear before the grand jury, but King told Kennedy that to save time, Kennedy could
just talk to King.  *See* affidavit of John Thomas Kennedy.  Once King learned
Kennedy's testimony would be favorable to plaintiffs, King tried to suppress this
testimony.  However, it was produced by the prosecutor after indictment.  The court
can find no legal duty of a prosecutor to present exculpatory evidence to a grand jury.
Rather, in considering this very question, the Supreme Court has stated, "neither in
this country nor in England has the suspect under investigation by the grand jury ever
been thought to have a right to testify or to have exculpatory evidence presented."
*U.S. v. Williams*, 504 U.S. 36, 52, 112 S.Ct. 1735, 1744, 118 L.Ed.2d 352 (1992);
citing 2 M. Hale, Pleas of the Crown 157 (1st Am. ed. 1847). *supra*, at 157; *United
States ex rel. McCann v. Thompson*, 144 F.2d 604, 605-606 (CA2), *cert. denied*, 323
U.S. 790, 65 S.Ct. 313, 89 L.Ed. 630 (1944).  The Court continued:

> Imposing upon the prosecutor a legal obligation to present exculpatory evidence in his possession would be incompatible with this system. If a "balanced" assessment of the entire matter is the objective, surely the first thing to be done--rather than requiring the prosecutor to say what he knows in defense of the target of the investigation--is to entitle the target to tender his own defense. To require the former while denying (as we do) the latter would be quite absurd. It would also be quite pointless, since it would merely invite the target to circumnavigate the system by delivering his exculpatory evidence to the prosecutor, whereupon it would have to be passed on to the grand jury--unless the prosecutor is willing to take the chance that a court will not deem the evidence important enough to qualify for mandatory disclosure

*Williams*, 504 U.S. at 52, 112 S.Ct. at 1745. *See also United States v. Gilbert*, 198 F.3d 1293, 1304 (11th Cir.1999).

The plaintiffs also argue that just because the charges against them were dismissed, they still should have gotten exculpatory statements as *Brady* material.[5] Plaintiff's memo. at 18-19. They did. As a result of the statements being provided to the prosecutor and plaintiff, the charges were dismissed. While plaintiffs assert that failing to get the statements earlier violated their rights, there was no trial and thus no duty to disclose these statements earlier. *See Gilbert*, 198 F.3d at 1304 ("[t]he obligation to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), applies only in regard to trials"). There were no accusers to confront. *See Flores v. Satz*, 137 F.3d 1275, 1278-79 (11th Cir.1998)

---

[5]*Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

9

(with no conviction, *Brady* is not an issue because *Brady* protects a defendant's rights to a fair **trial**).

Lastly, plaintiffs argue that David Worley, who did testify favorably to the plaintiffs before a grand jury, was threatened by King in a 1996 interview. The court finds the truth of this allegation is not relevant to the plaintiffs' claims as the plaintiffs allege no injury from threats to a witness made three years prior to that witness's grand jury testimony when that testimony was favorable to the plaintiffs. Therefore, even if the allegations of threats are true, any favorable testimony this witness may have given, but for the interference, was never needed, and furthermore, he testified favorably in spite of the alleged threats.[6]

The court finding that plaintiffs' complaint, as amended, fails to state any claim upon which relief may be granted, finds that no genuine issues of material fact exist and defendant's motion for summary judgment is due to be **GRANTED** and judgment shall be entered in favor of the defendant and against the plaintiffs by separate order.

**DONE** and **ORDERED** this the 25 day of November, 2002.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

---

[6]The court in no way condones the actions of the defendant, assuming the allegations are true. Such actions by individuals charged with upholding the laws of this country are despicable. However, the fact that such actions are heinous does not necessarily create a cause of action on which plaintiffs may recover.

10